IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLINICAL INNOVATIONS, LLC dba CLINICAL INNOVATIONS, INC.<br><br>    Plaintiff,<br><br><br><br><br><br>        vs.<br><br><br>UTAH MEDICAL PRODUCTS, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE, VACATING HEARING, AND REQUIRING JOINT ADDITIONAL SCHEDULING ORDER<br><br><br><br><br><br><br>Case No. 2:05-CV-634 TS |

     This matter is before the Court on Plaintiff's Motion to Strike Defendant's Claim Construction Statement and Supporting Memorandum.

     The Court will grant Plaintiff's Motion to Strike Defendant's Claim Construction Statement and Defendant's 118-page Memorandum in Support of its Claim Construction Statement for two reasons.  First, the Memorandum is over length in violation of the spirit of the Scheduling Order.  Second, the Claims Construction Statement seeks construction of terms that have not been designated as disputed pursuant to the required  infringement

1

and invalidity claim charts as set forth at Paragraph Five of the current Scheduling Order.[1] For that same reason, and on its own Motion, the Court will also strike Plaintiff's Motion for Additional Construction of Claim Language.

The Court finds that both parties bear responsibility for the delay that will result from this procedure. It is now only five months before the trial setting and the Court cannot determine clearly what claim terms are to be construed under *Markman* in advance of trial. The purpose of the claims chart procedure and the provisions for setting, briefing, and hearing the *Markman* issues prior to trial was to determine clearly the terms and claims at issue as a matter of law and to have them efficiently construed in a single proceeding well before trial. Instead, the Court has a 118-page interpretation of every term of every claim in the '524 patent. As noted, the Court considers both parties responsible as Defendant's filing was apparently provoked by Plaintiff's gamesmanship in filing a claims chart for the *Markman* hearing urging its interpretations of terms that were not disclosed as disputed but which Plaintiff apparently contends that the Court should interpret for the jury.[2]

It was the clear intent of the Scheduling Order that all claims interpretation and summary judgment motions relating to the '524 patent be heard and decided together. Because of the current state of the record, the cross motions for summary judgment on infringement are fully briefed, but the other claims construction issues are not. In view of

---

[1] Docket No. 14.

[2] *See* Pl.'s Mem. In Support of Motion for Additional Construction of Claim Language at 1 (submitting a claims chart that "contains interpretations for claim terms *not disputed* by the parties, but as to which the jury will likely *need to be instructed* to fully understand the claims at issue.") (emphasis added).

the rapidly expanding claims construction issues, it is not clear that the literal infringement motions are severable from the other claims construction issues.  Accordingly, the Court will defer hearing the cross motions for summary judgment on literal infringement until all *Markman* issues are ready for determination.  It is therefore

ORDERED that Plaintiff's Motion to Strike (Docket No. 120) is GRANTED and the following claims construction documents shall be disregarded: Docket Nos. 94, 95, 101, 111, 117, 118.  It is further

ORDERED that the hearing set for Tuesday, April 10, 2007, at 2:30 p.m. is VACATED.  It is further

ORDERED that within ten days the parties shall confer and submit an Additional Scheduling Order.  That Additional Scheduling Order shall provide that the parties shall submit Claim Construction Comparison Charts that identify any disputed claim interpretation in bold, together with memoranda setting forth their positions on the disputed interpretations in accordance with Paragraph Six of the current Scheduling Order.  Those memoranda shall be no longer than twenty-five pages, exclusive of the face sheet, table of contents, statements of issues and facts, and exhibits.  The memoranda need not recite, and shall not discuss, except as briefly necessary for context, terms and claims other than those disputed terms and claims to be construed under *Markman*.  Response memoranda may be filed and will be limited to fifteen pages, exclusive of the face sheet, table of contends, statements of issues and facts, and exhibits.  Optional reply briefs of ten pages are permitted.  All briefing shall be completed ten working days prior to the anticipated hearing date.  It is further

3

ORDERED that the parties shall obtain a mutually agreeable hearing date from chambers.

DATED  April 9, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge